UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| NORMA V.A., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, *United States Attorney General*; <br><br> KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; <br><br> DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and <br><br> TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*, <br><br> Respondents. | Civil No. 26-618 (JRT/DJF) <br><br><br> **MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

---

Frances Ivy Mahoney-Mosedale, Lydia Lockwood, Mary M. Nikolai, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

Ana H. Voss, Julie T. Le, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Norma V.A. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 7, 2026. Norma V.A. petitions for a writ of habeas corpus, arguing that she is being detained unlawfully. Because the Court

concludes that Norma V.A.'s detention is unlawful, the Court will grant her petition for writ of habeas corpus and order that she be released from custody.

## BACKGROUND

Norma V.A. is a citizen of Mexico and a resident of Minneapolis, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 31, Jan. 24, 2026, Docket No. 1.) She entered the United States on May 7, 2019 without inspection. (*Id.* ¶ 2.) Two days later, DHS issued Norma V.A. a Notice to Appear (Form I-862) charging her as removable under Section 212 (a)(6)(A)(i) of the Immigration and Nationality Act because she was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than designated by the Attorney General." (*Id.*, Ex. 1.) On June 7, 2021, Norma V.A. filed an asylum application. (*Id.* ¶ 32.) DHS has issued her a work permit, which is valid through January 14, 2030. (*Id.* ¶ 33.)

Norma V.A. is employed as a cook at a Spanish-immersion childcare center. (*Id.* ¶ 33.) On Wednesday, January 7, 2026, Petitioner arrived to work at approximately 8:00 a.m. (*Id.* ¶ 39.) Petitioner was helping her niece—also an employee at the daycare—park her car, when "several unmarked SUVs with flashing lights suddenly approached," boxed in the vehicle, and demanded that Petitioner get out of the car. (*Id.* ¶¶ 39–40.) This occurred "during morning drop-off," and many bystanders, including colleagues, parents, and students, witnessed the encounter. (*Id.* ¶ 39, 41.)

Petitioner was taken into custody and detained at Fort Snelling. (*Id.* ¶ 42.) On or around January 9, she was transferred to a detention facility in El Paso, Texas. (*Id.* ¶ 44.)

Petitioner has allegedly been transferred back to Minnesota. (Reply at 2, Jan. 27, 2026, Docket No. 6.)

On January 24, 2026, Norma V.A. filed a Verified Petition for Writ of Habeas Corpus (Docket No. 1). She alleges that her continued detention is unlawful and requests that the Court order her immediate release, or alternatively, a bond hearing. (*Id*. at 24.) That same day, the Court issued an order directing Respondents to immediately return Petitioner to Minnesota (Docket No. 3). Respondents seek dismissal or transfer of the petition, arguing that this District is not the proper venue (Docket No. 5).

## DISCUSSION

Aside from disputing venue,[1] Respondents offer no basis to support the detention of Petitioner. To the extent Respondents rely on 8 U.S.C. § 1225(b)(2) to justify

---

[1] In a typical case involving a habeas petition brought under 28 U.S.C. § 2241(a), a petitioner who "seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004). Because Petitioner is now being detained in Minnesota, the Court will reject Respondents' request for dismissal or transfer. Even if Petitioner was being detained in Texas, the Court would reject Respondents' request because exceptions exist to the default, district-of-confinement rule. *See Padilla*, 542 U.S. at 435; *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions). For example, the Supreme Court has recognized that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply" the typical rules for determining the proper forum for a habeas petition. *Padilla*, 542 U.S. at 450 n.18. Had Petitioner's transfer back to Minnesota not mooted the venue issue, this exception likely would have applied here because, as other courts in this District have acknowledged, when "Government-controlled transfers," like the one in this case are "executed within hours of detention and before communication with counsel is possible" such conduct "risk[s] defeating timely judicial review." *E.E. v. Bondi*, No. 26-314, Docket No. 7 at 5 (D. Minn. Jan. 17, 2026). For these reasons, the Court finds that it has jurisdiction.

Petitioner's detention, the Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Norma V.A.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the warrantless, notice-less arrest of an individual already present in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Norma V.A.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court is disturbed by the facts of this case. Respondents' arrest of Petitioner—as children, and their parents dropping them off at daycare, looked on—was unlawful. Accordingly, the Court will grant Norma V.A.'s petition for writ of habeas corpus and will order that she be released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Norma V.A.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is presently detained outside of the District of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner remains in detention in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order.**

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal documents, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 2, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: January 30, 2025  
at Minneapolis, Minnesota.  
Time: 1:58 p.m.

*John R. Tunheim*  
JOHN R. TUNHEIM  
United States District Judge